UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MATTHEW J. ROLOFF,

       Plaintiff,

       v.

SAP AMERICA, INC., a Delaware
Business Corporation,

       Defendant.

Civil No. 04-756-HU

ORDER

HAGGERTY, Chief Judge:

In his Findings and Recommendation [56] dated March 20, 2006, Magistrate Judge Hubel recommended granting defendant's Motion for Summary Judgment [22]. Plaintiff filed objections to the Findings and Recommendation. The Findings and Recommendation was referred to this court on April 26, 2006.

1 - ORDER

When a party objects to any portion of a Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Business Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Plaintiff's objections were filed in a timely manner. The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendations, the objections, and the entire record. Magistrate Judge Hubel provided a thorough analysis of the facts and circumstances regarding this litigation, and that analysis need not be repeated here. Magistrate Judge Hubel's recommendations are sound, correct, and entitled to adoption.

## ANALYSIS

Plaintiff argues that the Findings and Recommendation erred in concluding that the employer did not fail to provide reasonable accommodation. Plaintiff contends that the Findings and Recommendation allows defendant to "rely on the results of its own failure to provide reasonable accommodations to demonstrate that they were not required." Pl'.s Objections at 5.

This court has considered the objections. The court concludes that the Findings and Recommendation determined correctly that plaintiff conceded his reasonable accommodation claim. Findings and Recommendation at 14-15.

Defendant is required by law to provide reasonable accommodation to allow plaintiff to perform the essential functions of his job. 29 C.F.R. § 1630.2(o)(1)(ii). Plaintiff accepted defendant's statement of fact that plaintiff "was fully able to perform his job without accommodation." Findings and Recommendation at 14. Accordingly, the Findings and

Recommendation concluded properly that in light of "plaintiff's concession that he was able to perform those functions without reasonable accommodation, his reasonable accommodation claim must fail." *Id*. at 15.

In addition to providing reasonable accommodation to ensure employees can perform the essential functions of their job, employers are also required to provide reasonable accommodation to ensure employees have access to the "equal benefits and privileges of employment." 29 C.F.R. § 1630.2(o)(1)(iii). Plaintiff's argument that defendant failed to provide equal benefits and privileges of employment also fails. As the Findings and Recommendation noted, those benefits and privileges have been defined as access to lunchrooms, employee lounges, rest rooms, meeting rooms, and other employer-sponsored services such as health programs, transportation, and social events. Findings and Recommendation at 17. Plaintiff did not request such accommodations.

Plaintiff also argues that the Findings and Recommendation erred by requiring "specific and substantial" circumstantial evidence of pretext in its analysis of the discrimination claim. Pl'.s Objections at 6. There is some authority in the Ninth Circuit that the "specific and substantial" burden for circumstantial evidence is in tension with the Supreme Court decision in *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1030-31 (9th Cir. 2006) (recognizing tension between Ninth Circuit decisions requiring specific and substantial circumstantial evidence and the Supreme Court decision in *Costa*, but acknowledging that only an *en banc* panel can overturn Ninth Circuit precedent).

However, it is undisputed that plaintiff must produce "some evidence" suggesting that the defendant's decision to terminate him was motivated in part or in whole by discriminatory intent,

3 - ORDER

regardless of whether he must provide "specific and substantial evidence." *Id.* at 1030. The Findings and Recommendation concludes that defendant provided evidence of a legitimate, nondiscriminatory basis for its termination of plaintiff and that plaintiff did not meet his burden of providing evidence of pretext. Findings and Recommendation at 23-24. The Findings and Recommendation notes that plaintiff "grossly overstates the evidence or draws unsupportable inferences from the record." *Id.* at 24.

Plaintiff argues that defendant's evidence regarding the layoff decisionmaking process is not credible and that the lack of credibility satisfies plaintiff's burden of demonstrating pretext. The Findings and Recommendation provides a thorough analysis of the plaintiff's argument and the supporting evidence offered by plaintiff. *Id.* at 24-34. After scrutinizing the record and plaintiff's objections, this court concludes that the Findings and Recommendation's analysis is sound. Viewing the evidence in the light most favorable to plaintiff and even employing the lesser burden of proof established in *Costa* and *Cornwell*, this court concludes that plaintiff failed to provide sufficient evidence demonstrating pretext.

**<u>CONCLUSION</u>**

For these reasons, Magistrate Judge Hubel's Findings and Recommendation [56] is ADOPTED in its entirety. Defendant's Motion for Summary Judgment [22] is GRANTED.

IT IS SO ORDERED.

Dated this __26__ day of May, 2006.

                                                 /s/Ancer L. Haggerty

                                                 ANCER L. HAGGERTY
                                                 United States District Judge